**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2892-19

MICHAEL WILLIAMS, JOSEPH
GRAFFAGNINO, and DAVE
REEDINGER,

      Plaintiffs-Appellants,

v.

THE COUNTY OF MIDDLESEX
NEW JERSEY, THE COUNTY OF
MIDDLESEX NEW JERSEY
DEPARTMENT OF CORRECTIONS,
EDMOND C. CICCHI, individually
and in his capacity as the former
WARDEN OF THE COUNTY OF
MIDDLESEX NEW JERSEY
DEPARTMENT OF CORRECTIONS,

      Defendants,

and

CFG HEALTH SYSTEMS, LLC,

      Defendant-Respondent.

Argued June 9, 2021 – Decided July 28, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-11416-14.

Matthew A. Peluso argued the cause for appellants.

Mary J. Pedersen argued the cause for respondent (Wisler Pearlstine, LLP, attorneys; Mary J. Pedersen and Benjamin A. Andersen, on the brief).

PER CURIAM

Plaintiffs Michael Williams, Joseph Graffagnino, and Dave Reedinger were corrections officers at the Middlesex County Adult Correctional Facility. In 2015, the count alleging misconduct by defendant CFG Health Systems, LLC (CFG)—one count of a multi-count complaint—was dismissed with prejudice. We dismiss the appeal of that order because we conclude that the filing was untimely.

CFG provided health care to correctional facility inmates during the relevant time period. On December 7, 2012, a prisoner suffering complications from diabetes began fighting with another inmate. Plaintiffs contend that as a result of attempting to address the situation, they were physically and emotionally injured, and suffered employment consequences, including disciplinary charges. Plaintiffs' complaint against CFG alleged that, but for

CFG's negligent medical treatment of the prisoner, the incident would not have occurred.

CFG filed a motion to dismiss with prejudice the causes of action asserted against them. Among other reasons, they raised the defense of statutory immunity pursuant to N.J.S.A. 2A:62A-16(b), which shields medical providers from liability for violent acts committed by their patients. On April 24, 2015, the court dismissed the count against CFG with prejudice, despite plaintiffs' opposition. CFG's request for oral argument was ignored. No statement of reasons accompanied the order.

Plaintiffs immediately sought to file an interlocutory appeal. The request was denied July 16, 2015. The litigation continued against the other named defendants: Middlesex County, New Jersey Department of Corrections (DOC), and Edmond C. Cicchi, individually and in his capacity as the former Warden.

On September 10, 2018, the matter was settled and dismissed by another judge as to all parties. He signed a preprinted form order, as did counsel. The form stated that the matter had been settled and dismissed after being scheduled for trial.

A-2892-19

Apparently embroiled in a dispute regarding the language, or the implementation of the agreement,[1] the non-CFG defendants filed an application to enforce the settlement. Plaintiffs cross-moved to reinstate the litigation.

On March 15, 2019, the judge heard argument and denied reinstatement. The judge said, with reference to the non-CFG defendants who participated in the September 10, 2018 proceeding, "[t]here was no doubt we were dismissing all the claims, all of plaintiff[s'] claims." The motion to enforce the settlement was carried pending resolution of the dispute regarding language in the settlement documentation.

On January 24, 2020, the court filed an order stating, "[i]f not already done, the [s]ettlement [a]greement attached hereto as Exhibit 'A' is the final settlement in this case and shall be executed by all [d]efendants within five . . . days of this [o]rder." On March 24, 2020, plaintiffs filed their notice of appeal concerning the April 24, 2015 order dismissing CFG. CFG thereafter filed a motion to dismiss the appeal as untimely, which was denied on June 18, 2020.

Now on appeal, plaintiffs raise the following points:

POINT I

PLAINTIFFS HAVE BEEN PREJUDICED IN THEIR APPEAL TO THIS COURT AND IN THE [TRIAL

---

[1] No specific information is included in the record.

COURT PROCEEDINGS] BY THE [TRIAL] COURT'S FAILURE TO ALLOW AND CONDUCT ORAL ARGUMENT ON RESPONDENT'S DISPOSITIVE MOTION.

POINT II

PLAINTIFFS HAVE BEEN PREJUDICED IN THEIR APPEAL TO THIS COURT AND IN THE [TRIAL COURT PROCEEDINGS] BY THE [TRIAL] COURT'S FAILURE TO PROVIDE ANY FINDINGS OF FACT OR LEGAL REASONS FOR ITS DISPOSITIVE ORDER OF DISMISSAL AS REQUIRED BY [RULE] 1:7-4(a) AND [RULE] 1:6-2(f).

POINT III

THE [TRIAL] COURT ERRED WHEN IT FAILED TO APPLY THE LIBERAL AND MINIMAL "NOTICE-PLEADING" REQUIREMENTS OF [RULE] 4:5-7 TO PLAINTIFFS' AMENDED COMPLAINT WHEN DECIDING RESPONDENT'S MOTION TO DISMISS ON THE PLEADINGS ALONE AND PRIOR TO ANY DISCOVERY.

POINT IV

PLAINTIFFS CLEARLY [PLED] A LEGALLY AND FACTUALLY SUFFICIENT CLAIM OF NEGLIGENCE AGAINST CFG AND FAIRLY APPRISED RESPONDENT UNDER THE MINIMAL[] NOTICE-PLEADING REQUIREMENTS OF [RULE] 4:5-7.

POINT V

THE [TRIAL] COURT ERRED WHEN IT DISMISSED PLAINTIFFS' AMENDED SECOND COUNT AGAINST CFG WITH PREJUDICE AT THE INITIAL PLEADING STAGE UNDER THE STRICT STANDARD AND HIGH BURDEN OF [RULE] 4:6-2(e).

POINT VI

THE [TRIAL] COURT ERRED WHEN IT DISMISSED PLAINTIFFS' CLAIMS AGAINST CFG WITH PREJUDICE ON THE INITIAL PLEADING ALONE, AND WITHOUT ALLOWING PLAINTIFFS TO OBTAIN ANY DISCOVERY FROM CFG REGARDING INFORMATION AND DOCUMENTATION RELEVANT TO PLAINTIFF[S'] CLAIMS, BUT SOLELY IN CFG'S POSSESSION AND UNDER ITS CONTROL.

POINT VII

SINCE CFG RELIED ON ALLEGATIONS OUTSIDE OF PLAINTIFFS' AMENDED COMPLAINT IN SUPPORT OF ITS MOTION TO DISMISS UNDER [RULE] 4:6-2([e]), THAT MOTION WAS AUTOMATICALLY CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT UNDER [RULE] 4:46 AND ITS APPLICABLE STANDARDS.

POINT VIII

CFG RELIED ON NUMEROUS FALSE, SPECULATIVE AND UNSUPPORTED FACTUAL ALLEGATIONS, AND MISREPRESENTATIONS OF LAW, IN SUPPORT OF ITS MOTION TO DISMISS THAT SHOULD NOT HAVE BEEN CONSIDERED BY THE [TRIAL] COURT AND SHOULD NOT BE CONSIDERED BY THIS COURT.

6

Plaintiffs' eight points of error focus solely on the 2015 dismissal with prejudice. Since we conclude the time within which to file the appeal has long since passed, we do not reach any of them.

Rule 2:4-1(a) requires appeals from final judgments to be filed within forty-five days. As we have previously said, in order "[f]or a judgment to be final and therefore appealable as of right, it 'must dispose of all claims against all parties.'" Smith v. Jersey Cent. Power & Light Co., 421 N.J. Super. 374, 383 (App. Div. 2011).

Jersey Central is enlightening, as it illuminates the distinction between a judgment that appears final on its face, but is not appealable of right, and the contrary situation here, where the judgment, although leaving the details to be resolved between contentious parties, left nothing for decision by the court. Id. at 383-84. There, final judgment was entered on May 9, 2008. Id. at 383. Plaintiffs did not file their appeal until February 6, 2009. Ibid. We concluded that the appealable "final judgment was not entered until January 16, 2009, when the court entered an order memorializing its rulings regarding plaintiffs' entitlement to taxed costs." Ibid. The taxed costs—$50,000—were a significant issue left open for adjudication. Ibid. It was a disputed issue ultimately determined by the trial court. Ibid. The award was opposed by the defendant,

A-2892-19

and it was uncontroverted that the dispute required resolution by a judge. Ibid. Had the plaintiffs attempted to appeal before the resolution of taxed costs, it would have been dismissed as interlocutory. Id. at 384.

In this case, the dispute that delayed the filing of the final paperwork against the non-CFG defendants had to do with either the manner in which payment was to be made, or the language of the releases. These details did not require court intervention other than to enforce the settlement. As the judge observed during the March 15, 2019 hearing on the motion to enforce settlement and cross-motion to reinstate the complaint:

> . . . [W]e have a settled case. There is no doubt in my mind that the record in this case supports . . . a meeting of the minds and that there was a settlement. . . .
>
> . . . There's no way this settlement is getting set aside based on these arguments because this was a settled case. There was no doubt we were dismissing all the claims, all of plaintiff[s'] claims. . . .
>
> But whether or not -- the fact that you are having difficulty finalizing these two paragraphs is not, from my perspective, at least not in any order that I'm going to order, [a] basis to reset this matter, rescind the settlement, and put this back on the trial calendar. This case is settled. There was no doubt in anybody's mind at the time we conducted those negotiations on the day in question[,] and based on even a cursory summary of the terms that we put on the record[,] that this case was settled and everybody was agreeing to dismiss all

claims that anybody had asserted against anybody else in the case.

So, now, we have to figure out what we're doing. So one way or the other, either you're either going to work this out together[,] or I'm going to issue an order and either I'll set the language[,] or I'm going to compel the parties to sign one version or the other.

Plaintiffs themselves believed the matter had been dismissed with finality—otherwise no motion to reinstate would have been filed. That the parties could not reach an agreement about form language is a very different matter than having a significant issue left unresolved that required a ruling by the court like in Jersey Central.

When, on January 24, 2020, the court finalized the settlement, the order stated, "[i]f not already done, the settlement agreement attached hereto as Exhibit 'A' is the final settlement in this case and shall be executed by all [d]efendants within five . . . days of this order." That made utterly clear that the dispute related to details, not substance. The court was called upon to intervene solely for enforcement, not a decision on the merits. Thus, the matter was settled September 10, 2018. Plaintiffs' appeal should have been filed within forty-five days of that date.

Plaintiffs further contend that our prior order of June 18, 2020 refusing to dismiss the appeal is dispositive. We disagree. Although the order was

9

generated as a result of the non-CFG defendants' motion to dismiss the appeal as untimely, no explanation is given in the supplemental section. But the abbreviated process on a motion is significantly different from the decisional process on the merits after a matter is fully briefed. We now have the benefit of oral argument by counsel and substantial briefing. The facts and law have been fully illuminated.

On September 10, 2018, the matter was reported settled while scheduled for trial and dismissed with prejudice. Had plaintiffs filed their appeal within forty-five days of that date, the appeal would have been treated as an appeal from a comprehensive, final disposition. Therefore, we now dismiss the appeal as having been untimely filed.

The appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION